IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-02-08-D |
| | ) |
| SHIRLEY MAYE ROLLOW, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant Shirley Rollow's *pro se* Motion to Amend and Supplement Original Pleading [Doc. No. 289], filed December 1, 2008. Defendant requests permission pursuant to Fed. R. Civ. P. 15(a) to amend her pending motion under 28 U.S.C. § 2255 in order to add a claim that she has received cruel and unusual punishment in violation of the Eighth Amendment while incarcerated in federal correctional facilities. For reasons that follow, the Motion is denied without need for a response by the government.

Defendant correctly argues that Rule 15(a) has been applied in § 2255 proceedings; she incorrectly states that Rule 15(c) permits a new claim to be added to a timely filed § 2255 motion after the expiration of the statutory time limit.[1] In *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000), the court of appeals held: "[P]ursuant to Rule 15(c), an untimely amendment to a § 2255 motion 'which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.'" *Id*. at 505 (quoting *United States*

---

[1] The Supreme Court denied Defendant's petition for a writ of certiorari on October 1, 2007; her § 2255 motion was due within one year after that date. *See* 28 U.S.C. § 2255.

*v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)). Where a movant seeks to add a claim "totally separate and distinct, 'in both time and type' from those raised in his original motion," a request to amend may properly be denied. *See Espinoza-Saenz*, 235 F.3d at 505. In this case, Defendant seeks to add a separate and distinct claim that is untimely under § 2255.

Further, a request to amend may properly be denied where the amendment would be futile because the proposed amended pleading would be subject to dismissal for failure to state a claim upon which relief can be granted. *See Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004); *see also Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Here, the amendment would be futile because Defendant's proposed claim is not cognizable under § 2255. The court of appeals has specifically held concerning a claim like the one to be added: "This claim is not cognizable in a federal habeas corpus proceeding. [Movant] will have to resort to the Federal Tort Claims Act or a Bivens[2]-type action." *United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979).

For these reasons, the Court finds that Defendant's request to amend her § 2255 motion should be denied.

IT IS THEREFORE ORDERED that the Motion to Amend and Supplement Original Pleading [Doc. No. 289] is DENIED.

IT IS SO ORDERED this 29th day of December, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).