IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-02-08-D |
| | ) |
| SHIRLEY MAYE ROLLOW, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Defendant, a federal prisoner appearing *pro se*, has filed an Application for Certificate of Appealability [Doc. No. 308] to appeal the denial of relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). She has also filed an Application to Proceed Without Prepayment of Fees [Doc. No. 309].

Defendant is entitled to a certificate of appealability ("COA") only if she makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). Defendant can make such a showing by demonstrating that the issues she seeks to raise are debatable among jurists of reason or adequate to deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a petition is dismissed on procedural grounds without reaching the merits of the petitioner's claims, "a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of Defendant's motion and the case record, the Court finds that Defendant has not made the requisite showing. Therefore, Defendant is not entitled to a COA.

To proceed *in forma pauperis* on appeal, Defendant must satisfy the requirements of 28 U.S.C. § 1915(a)(1) and (a)(3), even though 28 U.S.C. § 1915(a)(2) and (b) do not apply. *See United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997), *overruled on other grounds by United States v. Hurst*, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Accordingly, Defendant must show both that the appeal is taken in good faith and that she is financially unable to pay the requisite amount. *See McIntosh*, 115 F.3d at 812; 28 U.S.C. § 1915(a)(1) & (3). A good faith appeal requires the presentation of a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999); *see McIntosh*, 115 F.3d at 812.

Upon review of Defendant's motion and the case record, the Court finds Defendant has failed to make the necessary showing. The Court specifically finds Defendant has not presented a reasoned, nonfrivolous argument for appeal and thus her appeal is not taken in good faith. Therefore, Defendant is not entitled to proceed without payment of the filing fee.

IT IS THEREFORE ORDERED that Defendant's Application for a COA [Doc. No. 308] and Application to proceed *in forma pauperis* [Doc. No. 309] are DENIED. Defendant is advised that unless the $455.00 appellate filing fee is paid in full to the Clerk of this Court within 30 days of the date of this Order, the appeal may be subject to dismissal by the appellate court.

IT IS SO ORDERED this 27th day of August, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE